### CLINTON P. VOSE *vs.* COUNTY OF ESSEX.

Essex.　Nov. 5, 1887. — Jan. 5, 1888.　DEVENS & KNOWLTON, JJ., absent.

The salary of an employee of a jail and house of correction was established by the county commissioners, under the Pub. Sts. *c.* 220, § 26, and increased by the Superior Court, under § 27. More than a year afterwards, the county commissioners reduced the salary. *Held,* that the salary fixed by the Superior Court did not continue until the further order of the court, and that the action of the county commissioners was legal.

CONTRACT to recover a balance of salary alleged to be due the plaintiff for services rendered, as steward and engineer, at the jail and house of correction at Lawrence, in the county of Essex. Trial in the Superior Court, without a jury, before *Hammond, J.*, who allowed a bill of exceptions, in substance as follows:

In 1879, the county commissioners fixed the salary of the then steward and engineer at the rate of $775 per annum. The sheriff of said county, who was master of the house of correction and keeper of the jail at Lawrence, deemed this salary inadequate, and he presented his petition to the Superior Court to fix the salary of said officer. Upon a hearing of this petition, after due notice thereof to the county commissioners, the court fixed said salary at $900 per annum,* which was thereafter paid to said steward and engineer, until he resigned his office.

On or about October 1, 1880, the sheriff of said county appointed the plaintiff steward and engineer of the jail and house

---

* The petition related to the salaries of several of the officers, and the order of the court, passed on June 24, 1879, was, " that the salaries of certain officers at the jail and house of correction at Lawrence shall be fixed as follows, viz.: steward and engineer, $900, . . . . from April first, 1879."

of correction at said Lawrence; and the county commissioners, a short time after January 1, 1881, fixed his salary at the rate of $800 per annum. The plaintiff, however, contended that, under the order of the court before mentioned, he was entitled to a salary at the rate of $900 per annum; which claim was denied by the commissioners; they contending that they had a right to fix his salary at $800, and refused to allow him a larger rate. This sum of $800 per annum was paid to him so long as he remained in the service of the county as steward and engineer. No question was raised as to the plaintiff's salary prior to January 1, 1881, payment for the same prior to that time having been made to the satisfaction of both parties. No contention was made that the plaintiff waived his claim to the full amount of $900 per annum by accepting the amount of $800 as paid him.

The defendant put in the records of the county commissioners, showing that their board was organized annually, on or about January 1, of each year, and contended that the order of the court above referred to did not limit the right of the board of county commissioners of 1881, to fix the salary of the plaintiff; and that the said board and succeeding boards, notwithstanding said order, had the right to fix the salary of the plaintiff, as they did; and requested the judge so to rule; but the judge declined so to rule, and did rule, that so long as said order of court remained unchanged, and in the absence of any contract to the contrary, the plaintiff was entitled to receive the amount of salary fixed by the court; and that the county commissioners had not authority to fix the plaintiff's salary at a different sum. The judge found for the plaintiff for the full amount of his claim; and the defendant alleged exceptions.

*C. G. Saunders*, for the defendant.

*E. T. Burley*, for the plaintiff.

MORTON, C. J. Under our system of managing the prisons of the State, the sheriff has charge of the jails, and, except in the county of Suffolk, of the house of correction in his county, and is to keep them by himself or by his deputy or jailer or master. The jailer or master appoints all subordinate officers or assistants, but the responsibility of determining their compensation is placed upon the county commissioners. The statute

provides that "the commissioners shall establish fixed salaries for all officers, assistants, and employees of jails and houses of correction, which shall be in full compensation for all their services." Pub. Sts. c. 220, § 26.

Section 27 provides that, "if the sheriff, master, keeper, or jailer deems any such salary inadequate, he may present his petition, showing the facts, to the Superior Court next to be holden for the county, and the court, after notice to the chairman of the county commissioners and a hearing, shall fix the salary, and pass such further order in the premises as law and justice require."

The provision that the commissioners shall establish the salaries implies that they shall have the power to change them from time to time, as the public interests seem to require. If the commissioners establish a salary, and the Superior Court, upon petition of the sheriff, increases it, we do not think that this takes away the power of the commissioners to establish a different salary in the future, if a change in the circumstances or the officer seems to require it. The order of the court fixing the salary is not for any definite period in the future. It is based upon the facts existing at the time it is passed. The statute contains no provision that the commissioners shall or may apply to the court for a reconsideration or revision of its order. It is not intended that the court shall exercise a continuing supervision over the officers or their salaries; that responsibility rests upon the county commissioners. This seems to be the purpose of the statute. If, therefore, after the Superior Court has fixed the salary of an officer or employee, the commissioners are of the opinion that a change in the circumstances and conditions has occurred which makes it just in the interest of the public that a different salary should be established, we are of opinion that they have the power to fix the salary at a lower sum, subject to the revision of the Superior Court upon the petition of the sheriff or jailer, if he is dissatisfied with the new salary as fixed.

In the case at bar, in 1879, the Superior Court, upon the petition of the sheriff, fixed the salary of the steward and engineer at the jail and house of correction in Lawrence at $900. The person who then held the office resigned, and in 1880 the

plaintiff was appointed in his place, and the commissioners fixed his salary at $800. For the reasons stated above, we think they had the right to do this. It follows that, as the plaintiff has been paid his salary as fixed by the commissioners, he has no claim against the defendant. *Exceptions sustained.*